RIGGS v. JOHNSON COUNTY. See Case No. 4,191.

RIGGS (LINDSAY v.). See Case No. 8,366.

RIGGS (McDANIEL v.). See Case No. 8,745.

RIGGS (McLAUGHLIN v.). See Case No. 8,-872.

---

## Case No. 11,828.

### RIGGS v. MAGRUDER.

[2 Cranch, C. C. 143.][1]

Circuit Court, District of Columbia. Dec. Term, 1817.

STATUTE OF FRAUDS—CONTRACT FOR SALE OF BANK NOTES—VERBAL AGREEMENT.

1. A contract for the sale of the notes of a private bank, is within the statute of frauds.

2. A verbal agreement, which is to be put into writing and signed the next day, is not complete so as to bind either party, until reduced to writing and signed.

[Cited in brief in Argus Co. v. Albany. 55 N. Y. 499.]

The defendant agreed to receive of the plaintiff $5,000 of the notes of the Merchants Bank (a private bank), if delivered in twenty days, and pay him for them $4,900, in good current notes of the district banks. Each was to forfeit $500 if he refused to comply; the agreement was to be reduced to writing, and signed the next day at the plaintiff's counting-room. The defendant refused to sign it the next day, or to carry it into effect. The plaintiff tendered the notes within the twenty days, and the defendant refused to receive them.

Mr. Swann, Mr. Key, Mr. Wiley, and Mr. Taney, for defendant, contended that stocks were merchandise, and a fortiori the notes of a banking company, and therefore the agreement was void by the statute of frauds. 1 Comyn, Cont. 89; Roberts, Fraud, 172, 184, 186. But if not void by that statute, it was never complete as a contract, because it was to be reduced to writing and signed the next day, which was never done. Roberts, 6.

Mr. Lockerman and Mr. Jones, contra. Bank-notes are not merchandise, and therefore a sale of them is not within the statute. They cannot be the subject of larceny at common law. Ann Gray's Case, Leach, Cr. Law, 234; Horne's Case, Leach, 403. These bank-notes are mere choses in action. It was no part of the agreement that it should be reduced to writing. There was no locus pœnitentiæ.

THE COURT (THRUSTON, Circuit Judge, absent) decided, that the agreement was void by the 17th section of the statute of frauds; and that if the jury should be of opinion from the evidence, that it was agreed between the parties that the oral contract should be reduced to writing the next day, and signed by the parties, and that it was not so reduced and signed, the contract was never complete.